IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| THE ESTATE OF JASON SHAW, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. CV 03-390-E-BLW |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAUPHIN GRAPHIC MACHINES, INC., | ) | |
| a foreign corporation, and CORPORATIONS A, | ) | |
| B, and C., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| DAUPHIN GRAPHIC MACHINES, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL SOLID STATE SERVICES, | ) | |
| d/b/a Standard Electric and Engineering Company, | ) | |
| a California corporation, | ) | |
| | ) | |
|     Third-Party Defendant. | ) | |
| _____ | ) | |

    Currently pending before the Court is Dauphin's Motion to Compel (Docket No. 61).  In light of recent events, the Court issues the following ruling.

    On September 11, 2003, Jason Shaw filed the instant action seeking damages for an alleged personal injury received at work.  *Complaint* (Docket No. 1).  On May 25, 2004, Jason Shaw passed away.  *Motion to Substitute* (Docket No. 29).   On August 16, 2004, the Court permitted the Estate of Jason Shaw ("Shaw") to be substituted for the decedent.  *Order* (Docket No. 32).  On January 19, 2005, third-party defendant Continental Solid State Services

ORDER-1-

("Continental") filed a summary judgment motion requesting the Court to find that Jason Shaw's death abated his cause of action against Defendant Dauphin Graphic Machines ("Dauphin"), and that said cause of action cannot be revived. *Motion for Summary Judgment*, p. 2 (Docket No. 46). Continental's Motion for Summary Judgment (Docket No. 46) was set for a May 11, 2005 hearing before Judge Winmill. *Notice of Hearing* (Docket No. 63). A ruling concerning Continental's Motion for Summary Judgment (Docket No. 46) has not yet been issued.

On April 14, 2005, Dauphin requested that the Court compel Continental to produce certain documents requested in discovery. *Motion to Compel* (Docket No. 61). Continental has refused to produce the documents absent a protective order. *Response in Opposition*, p. 4 (Docket no. 67, Att. 1). Neither party disputes the appropriateness of a protective order, *see Williams Affidavit*, Exs. B-C (Docket No. 62), however, the parties have been unable to agree on the specific terms of a protective order. *See Motion to Compel*, ¶¶ 7-8 (Docket No. 61). Further, discussion regarding a proposed protective order appears to have deteriorated with Dauphin alleging that Continental has recently ceased "meaningful" negotiations. *Id.* at ¶ 7.

Finally, Continental states that its "trade secrets and other confidential business information are not relevant to this action because Jason Shaw's personal injury cause of action abated on his death," and thus, Continental "is entitled to protection from discovery pursuant to Fed. R. Civ. P. 26(c)(1) until the motion for summary judgment has been decided." *Response in Opposition*, pp. 11-12 (Docket No. 67, Att. 1). The Court agrees.

Initially, the Court set Dauphin's Motion to Compel (Docket No. 61) for a May 23, 2005 hearing, however, upon careful review of the record, and in light of the foregoing, the Court concludes that the May 23, 2005 hearing should be vacated until such time as a ruling is issued

on Continental's Motion for Summary Judgment (Docket No. 46). Further, the Court will deny, without prejudice, the pending Motion to Compel (Docket No. 61) and Motion for Protective Order (Docket No. 67) and provides that should there remain a necessity for an entry of protective order following Judge Winmill's ruling on Continental's Motion for Summary Judgment (Docket No. 46) then the parties are instructed to <u>personally</u> meet and confer for the purpose of providing the Court with a proposed stipulated protective order. In the event the parties are unable to stipulate to a protective order, then the Court will allow the parties to re-file their respective motions.

Based on the foregoing, IT IS HEREBY ORDERED:

1. The May 23, 2005 hearing set in this matter before the undersigned is VACATED.

2. Dauphin's Motion to Compel (Docket No. 61) is DENIED without prejudice.

3. Continental's Motion for Protective Order (Docket No. 67) is DENIED without prejudice.

4. Counsel are to personally meet and confer before bringing any further discovery disputes before this Court. Also, the parties should be advised that costs and fees will be awarded for any unreasonable discovery requested, as well as any unreasonable failure to respond to reasonable discovery requests.

DATED: **May 11, 2005**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER-3-