IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ESTATE OF JASON SHAW, ) | |
| ) | Case No. CV-03-390-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **DECISION AND ORDER** |
| ) | |
| DAUPHIN GRAPHIC MACHINES, ) | |
| INC., a Foreign Corporation, and ) | |
| CORPORATIONS A, B, and C, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| DAUPHIN GRAPHIC MACHINES, ) | |
| INC., a Foreign Corporation, ) | |
| ) | |
| v. ) | |
| ) | |
| SEECO-Standard Electric and Engineering ) | |
| Company, ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____) | |

## INTRODUCTION

The Court has before it SEECO's motion for summary judgment. (Docket No. 46). The Court heard oral argument on the motion and took the motion under advisement. For the reasons expressed below, the Court will grant the motion, but

**Memorandum Decision & Order -- page 1**

will not award SEECO the attorney fees that it requests.

## FACTUAL BACKGROUND

Plaintiff Jason Shaw was employed by Bear River Publishers as a pressman apprentice from July 12, 2001 through October 5, 2001, on which date he was injured while changing plates on a printing press.  Shaw suffered injuries to his left hand and arm as a result of this accident.  On September 10, 2003 he filed a complaint against Dauphin Graphics and affiliated corporations A, B, and C in relation to his accident, seeking damages for medical expenses, lost income, lost earning capacity, pain, suffering, emotional distress and personal anguish.

On May 25, 2004, Shaw died as a result of circumstances wholly unrelated to his October 5, 2001 injury.  As the representative of Shaw's estate, Scott Shaw filed a motion on July 1, 2004 to substitute the Estate of Jason Shaw as the plaintiff in this matter.  This motion was granted.

Shortly after Jason Shaw's death, Defendant Dauphin graphics filed a motion to add third-party Defendant SEECO pursuant to Federal Rule of Civil Procedure 14(a), which was granted on June 29, 2004.  On January 19, 2005, SEECO filed a motion for summary judgment, arguing that upon Jason Shaw's death, his claims against all Defendants abated and should be dismissed with

prejudice. SEECO further requested attorney's fees, claiming that the litigation of Shaw's estate was frivolous and without foundation.

## ANALYSIS

1. **SEECO'S Motion for Summary Judgment**

To resolve SEECO's motion, the Court must determine whether Shaw's claims abate upon his death. The Court will apply Idaho substantive law to resolve this issue. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Idaho Code § 73-116 states that the common law, "so far as it is not repugnant to, or inconsistent with, the constitution or the laws of the United States, in all cases not provided for in [Idaho's] compiled laws, is the rule of decision in all courts of this state." I.C. § 73-116. At common law, if the victim of a tort dies before recovering a judgment, that victim's right of action also dies. *Evans v. Twin Falls County*, 796 P.2d 87, 92 (Idaho 1992). Applying § 73-116 and the common law of torts, claims for injuries personal to the claimant may only survive if the constitution or a state or federal statute expressly allows them to do so.

Idaho has amended the common law rule of non-survival of tort claims in a number of limited areas.[1] However, Idaho case law demonstrates that the non-

---

[1]Idaho Code § 5-311 allows a decedent's heirs and representatives to bring suit for damages when death results from a wrongful act or from negligence. I.C. § 5-311. Idaho Code

**Memorandum Decision & Order -- page 3**

survivability rule still applies for personal damages involving claimants that die during litigation. *Vulk v. Haley*, 736 P.2d 1309, 1312 (Idaho 1987). As the Idaho Supreme Court emphasized in *Evans v. Twin Falls County*, "the Idaho legislature has not enacted any statute specifically abrogating the common law rule of non-survival of causes of action *ex delicto* in cases where the victim dies before recovery." *Evans*, 796 P.2d at 92.

Here, the Estate of Jason Shaw attempts to pursue Jason Shaw's claims of medical expenses, lost income, lost earning capacity, emotional distress, anguish, and pain and suffering. These claims are all personal to Jason Shaw and do not fall under the exceptions carved out by the Idaho Legislature in Idaho Code § 5-311, § 5-319, or § 5-327. *See eg.*, *Evans* 796 P.2d at 87 (holding that claims for emotional distress, punitive damages, medical expenses and lost wages are personal and abate upon the death of the claimant). Therefore, applying the common law as prescribed by Idaho Code § 73-116, all of Jason Shaw's claims abate upon his death.

---

§ 5-327 curtails the common law rule of abatement in cases where the tortfeasor dies following the tort. I.C. § 5-327. Idaho Code § 5-319, allows for a decedent's heirs or representatives to continue an action where damages are not personal to the claimant and are therefore assignable. Idaho Code § 5-319. As the Idaho Supreme Court has emphasized, however, § 5-319 this is not a general survival statute, but rather applies only to those causes of action that do not die along with the plaintiff. *Moon v. Bullock*, 151 P.2d 765, 767 (Idaho 1944).

**Memorandum Decision & Order -- page 4**

Though the facts of the two cases differ, the types of damages sought by the Estate of Jason Shaw are almost identical to those sought in *Evans v. Twin Falls County*. *Id.* at 89. In *Evans*, the plaintiff sought "general damages for emotional distress, punitive damages, and special damages for medical expenses and lost mechanic's wages." *Id.* Similarly, the Estate of Shaw seeks "medical expenses, lost income, lost earning capacity, pain, suffering, emotional distress, and anguish." The only type of damages sought by the Estate of Shaw not specifically addressed by *Evans* is lost earning capacity – a type of damage personal to Jason Shaw. Under the common law as applied in Idaho pursuant to § 73-116, this claim abates upon Jason Shaw's death along with his other claims.

The Estate has several objections to this reasoning. The first objection is that this action is brought under statute and therefore not governed by the common law rule of abatement. This argument fails for two reasons. First, the common law rule of non-survivability under Idaho Code § 73-116 relates to the remedy available; not the source of the claim which gives rise to the remedy. This rule applies to tort claims whether they arise from the common law or from a specific statute. The fact that the Estate's claims are brought under Idaho's Product

**Memorandum Decision & Order -- page 5**

Liability Act makes no difference for purposes of survivability.[2]

Second, even if this court were to accept the Estate's argument that Idaho's codified product liability law overrides the application of the common law as prescribed by § 73-116, nothing in that codification indicates that actions such as this should survive.  Although Idaho's Product Liability Act cited in the Estate's brief makes reference to claims "asserted on behalf of an estate," that reference is directly related to the Act's discussion of wrongful death actions; not actions of the decedent which might survive his or her death.  Idaho Code § 6-1402(4).

The Estate argues, however, that the injuries which diminish the value of the Estate survive despite Jason Shaw's death.  In making this argument, the Estate relies on *MacLeod v. Stelle*. 249 P. 254 (Idaho 1926).  Such reliance is misplaced, however, because that case involved fraud, rather than personal injury causing diminution in the value of the estate.  *Id.*  Moreover, following *MacLeod*, the Idaho Supreme Court held that hospital bills, doctors' bills, claims for lost wages, and claims for pain and suffering were purely personal and did not survive at common

---

[2]It is worth noting here that the non-survivability rule itself comes from the application of a statute.  The Estate's argument seems to rest on the proposition that by following the common law rule of non-survivability, this Court applies only the common law and that such common law may be overruled by statute.  This ignores the fact that Idaho follows a statute by applying the common law.  Idaho Code § 73-116 expressly directs courts to follow common law unless it is otherwise abrogated.  Idaho Code § 73-116.

**Memorandum Decision & Order -- page 6**

law.  *Moon v. Bullock*, 151 P.2d 765, 772 (Idaho 1944).

The Estate next contends that Jason Shaw's claims fall under the Uniform Commercial Code and should be treated as contract violations stemming from the implied warranty of merchantability, rather than as tort claims.  Generally, actions on behalf of a deceased plaintiff which are *ex delicto* abate upon the death of the plaintiff, whereas those that are *ex contractu* do not abate.  *Kloepfer v. Forch*, 184 P. 477 (Idaho 1919).  The Estate attempts to characterize this case as the latter of these two categories, avoiding the common law abatement rule.

To determine whether a breach of warranty action sounds in tort or in contract, the Idaho Supreme Court has looked to the type of damages sought.  *Oats v. Nissan Motor Corp.*, 879 P.2d 1095, 1103 (Idaho 1994).  Idaho cases have impliedly recognized that breach of warranty actions to recover for personal injuries are more properly governed by the principles of tort law, while those for economic damages sound in contract.  *Id.*  Moreover, where there is no privity of contract, Idaho Courts have tended to treat such cases as sounding in tort.  *See Salmon Rivers Sportsman Camps Inc. v. Cessna Aircraft Co.*, 544 P.2d 306, 311-12 (Idaho 1975) (quoting professor Prosser for the rule that "unless there is privity, liability to the consumer must be in tort and not in contract.").  Following this rule,

**Memorandum Decision & Order -- page 7**

the Estate's claims, which are personal in nature and for which the Estate is not in privity of contract, sound in tort and do not escape the common law rule of non-survivability.[3]

Finally, the Estate cites *Doggett v. Boiler Engineering*, arguing that the status of Idaho law is that damages to an estate or community which arise from personal injury survive the death of the plaintiff. The Idaho Supreme Court held in *Doggett* that for community property purposes, a surviving spouse may continue an action for damages to personal property. *Doggett v. Boiler Engineering &Supply Co.*, 477 P.2d 511, 515 (Idaho 1970). The court, however, made no such holding with respect to an estate. *Id.* Because the instant case involves an estate and not a marital community, *Doggett* is inapplicable.[4]

2.  **SEECO's Motion for Attorney's Fees**

---

[3] Some Idaho cases have found that employees of a company may be conceived of as the company itself, thereby putting the employees in privity of contract with the manufacturer of a product for purposes implied warranties and abatement. *See, eg.*, *Green v. A.B. Haggland & Soner*, 634 F.Supp. 790, 795 (Idaho 1986) (holding that the corporation "is the employee or employees who would reasonably be expected to use the product and benefit from those warranties.") This reasoning, however, cannot be applied to the instant case because the Estate does not argue that Jason Shaw was in privity of contract as part of the corporation, but rather argues that he was a third party beneficiary.

[4] Doggett is also inapplicable because that part of its opinion stating that personal damages such as for pain and suffering could survive as community property was overruled in *Rogers v. Yellowstone Park Co.* 539, P.2d 566, 572 (Idaho 1975).

**Memorandum Decision & Order -- page 8**

Judges may award reasonable attorney's fees to prevailing parties. Idaho Code § 12-121. The Idaho Supreme Court, however, has limited the award of such fees to cases in which action is brought "frivolously, unreasonably, or without foundation." *Cox v. Clanton*, 50 P.3d 987, 991 (Idaho 2002). The Estate's arguments in this case were based on the good faith belief that actions by an estate for personal injury damages on behalf of a decedent may survive. The Estate's brief cited case law which, though inapplicable to the instant case, allowed for good faith arguments to be made for the survivability of Mr. Shaw's claims despite the personal nature of his injuries and Idaho's adoption of the common law rule of non-survivability. For these reasons, attorney's fees are not appropriate in this matter.

## Order

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that third-party Defendant SEECO's motion for summary judgment (docket no. 46) is hereby GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks dismissal of the Third-Party Complaint against SEECO, but is denied to the extent it seeks an award of attorney fees.

**Memorandum Decision & Order -- page 9**

DATED: **August 2, 2005**



_____
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order -- page 10**